UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARDINAL, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN LUPO, et al.,<br><br>　　　　　　Defendants. | Case No. 18-cv-00272-JCS<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 90, 100, 110, 111, 115 |

The parties have filed several administrative motions to file documents under seal in connection with their pending motions for summary judgment. In order overcome the presumption of public access to judicial proceedings, the parties must show compelling reasons for documents to remain under seal.

Defendants' motions to file documents under seal in connection with Defendant Moheba D'Anna's motion for summary judgment (dkt. 90) and Plaintiffs' motions to file under seal in connection with their opposition to Defendant John Lupo's motion (dkt. 111) and with their motion for sanctions (dkt. 115) all seek sealing on the basis that the opposing party designated the documents at issue as confidential. Neither party filed responsive declarations within the time allowed by Local Rule 79-5(e)(1). These administrative motions are therefore DENIED, and the parties shall file the documents at issue in the public record no sooner than September 9, 2019 and no later than September 13, 2019. *See* Civ. L.R. 79-5(e)(2).[1]

With respect to Exhibit N to the July 15, 2019 declaration of Craig Crawford (dkt. 100) and one of the documents at issue in the sealing motion related to Plaintiffs' motion for sanctions (dkt. 115), Plaintiffs similarly seek sealing only on the basis that non-party Riggs Distributing,

---

[1] This procedure does not apply to the document in docket entry 115 that was designated as confidential by a non-party, which is addressed separately in the next paragraph.

Inc. ("Riggs") designated the document as confidential. *See* dkts. 100, 115. Riggs did not file a responsive declaration within the time allowed by Local Rule 79-5(e)(1). Those administrative motions are therefore also DENIED. Because Riggs may not receive immediate notice of this order, the Court extends the deadlines set by Local Rule 79-5(e)(2). Unless Riggs files its own motion seeking to maintain the documents under seal, Plaintiffs shall file the documents at issue in the public record no earlier than September 16, 2019 and no later than September 20, 2019. Plaintiffs are ORDERED to serve a copy of this order on Riggs by any means reasonably calculated to provide actual notice and to file proof of service no later than September 6, 2019.

Defendants move to seal documents filed in connection with certain reply briefs (dkt. 110) ostensibly on the basis that those documents were designated as confidential by Plaintiffs. Because the documents at issue appear to pertain to Riggs, however, and in an abundance of caution, Defendants are ORDERED to follow the procedure stated above regarding notice to Riggs, filing proof of service no later than September 6, 2019, and filing documents in the public record between September 16, 2019 and September 20, 2019 if Riggs does not file a motion to maintain these documents under seal.

**IT IS SO ORDERED.**

Dated: September 3, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge