UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER CARDINAL, et al.,

               Plaintiffs,

       v.

JOHN LUPO, et al.,

               Defendants.

Case No.  18-cv-00272-JCS

**COURT'S SECOND AMENDED JURY INSTRUCTIONS**

      The Court intends to give the attached instructions to the jury after closing arguments.

      **IT IS SO ORDERED.**

Dated: December 9, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge

# JURY INSTRUCTION NO. 1

## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# JURY INSTRUCTION NO. 3

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 4**

**COMMUNICATION WITH THE COURT**

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, Ms. Hom, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5**

**CLAIMS AND DEFENSES**


To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Christopher Cardinal asserts the following claims against defendant John Lupo:

1. Intentional misrepresentation;

2. Negligent misrepresentation;

3. Breach of contract; and

4. Violation of the Computer Fraud and Abuse Act.

Plaintiff Christopher Cardinal has the burden of proving these claims.


Defendant John Lupo denies those claims. John Lupo asserts a counterclaim against Christopher Cardinal for breach of contract. John Lupo has the burden of proving that counterclaim.


Christopher Cardinal denies the counterclaim of John Lupo.

# JURY INSTRUCTION NO. 6

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any fact, claim, or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the fact, claim, or affirmative defense is more probably true than not true.  This standard applies unless you are specifically instructed that a different standard of proof applies to a particular fact, claim, or affirmative defense.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 7**

**BURDEN OF PROOF—CLEAR AND CONVICING EVIDENCE**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

**JURY INSTRUCTION NO. 8**

**EVIDENCE:**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness; and

2. the exhibits that are admitted into evidence.

**JURY INSTRUCTION NO. 9**

**EVIDENCE:**

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that was excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 10

## EVIDENCE:

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# JURY INSTRUCTION NO. 11

## EVIDENCE:

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 12**

**EVIDENCE:**

**Taking Notes**

Whether or not you took notes during the trial, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 13**

**EVIDENCE:**

**Party Having Power to Produce Better Evidence**

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

**JURY INSTRUCTION NO. 14**

**EVIDENCE:**

**Willful Suppression of Evidence**

You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 15

## EVIDENCE:

### Failure to Explain or Deny Evidence

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

**JURY INSTRUCTION NO. 16**

**EVIDENCE:**

**Statements of a Party Opponent**

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom. When you evaluate evidence of such a statement, you must consider these questions:

(1) Do you believe that the party actually made the statement? If you do not believe that the party made the statement, you may not consider the statement at all.

(2) If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

**JURY INSTRUCTION NO. 17**

**EVIDENCE:**

**Expert Opinion**

You have heard testimony from Steven Broyles and Robert Anderson, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

If the expert witnesses disagreed with one another, you should weigh each opinion against the other. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18**

**EVIDENCE:**

**Expert Witnesses—Questions Containing Assumed Facts**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to an expert's opinion that is based on assumed facts, you should consider whether the assumed facts are true.

**JURY INSTRUCTION NO. 19**

**EVIDENCE:**

**Opinion Testimony of Non-Expert Witnesses**

Witnesses who were not testifying as experts gave opinions during the trial. As with the expert witnesses' opinions, you may, but are not required to, accept those opinions. You may give the opinions whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

**JURY INSTRUCTION NO. 20**

**EVIDENCE:**

**Foreign Language Testimony**

You have heard testimony of witnesses who testified in Spanish. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witnesses' testimony. You must disregard any different meaning.

You must not make any assumptions about a witness based solely on the use of an interpreter to assist that witness.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 21**

**EVIDENCE:**

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence were shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 22**

**DAMAGES:**

**Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a party on one or more of that party's claims, you must determine that party's damages. Each party bringing a claim has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff or the counterclaimant for any injury you find was caused by each defendant or counter-defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

# JURY INSTRUCTION NO. 23

## DAMAGES:

### Arguments of Counsel Not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

# JURY INSTRUCTION NO. 24

## MISREPRESENTATION CLAIMS:

### Intentional Misrepresentation

Christopher Cardinal claims that John Lupo intentionally made false representations that harmed him.  To establish this claim, Christopher Cardinal must prove all of the following:

1. That John Lupo represented to Christopher Cardinal that a fact was true;

2. That John Lupo's representation was false;

3. That John Lupo knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth;

4. That John Lupo intended that Christopher Cardinal rely on the representation;

5. That Christopher Cardinal reasonably relied on John Lupo's representation;

6. That Christopher Cardinal was harmed; and

7. That Christopher Cardinal's reliance on John Lupo's representation was a substantial factor in causing his harm.

**JURY INSTRUCTION NO. 25**

**MISREPRESENTATION CLAIMS:**

**Negligent Misrepresentation**

Christopher Cardinal claims he was harmed because John Lupo negligently misrepresented a fact.  To establish this claim, Christopher Cardinal must prove all of the following:

1. That John Lupo represented to Christopher Cardinal that a fact was true;

2. That John Lupo's representation was not true;

3. That although John Lupo may have honestly believed that the representation was true, he had no reasonable grounds for believing the representation was true when he made it;

4. That John Lupo intended that Christopher Cardinal rely on this representation;

5. That Christopher Cardinal reasonably relied on John Lupo's representation;

6. That Christopher Cardinal was harmed; and

7. That Christopher Cardinal's reliance on John Lupo's representation was a substantial factor in causing his harm.

If you find in favor of Christopher Cardinal on his claim for intentional misrepresentation, you will not be asked to consider his claim for negligent misrepresentation.

**JURY INSTRUCTION NO. 26**

**MISREPRESENTATION CLAIMS:**

**Opinions as Statements of Fact**

Ordinarily, an opinion is not considered a representation of fact. An opinion is a person's belief that a fact exists, a statement regarding a future event, or a judgment about quality, value, authenticity, or similar matters. However, John Lupo's opinion is considered a representation of fact if Christopher Cardinal proves that John Lupo claimed to have special knowledge about the subject matter that Christopher Cardinal did not have.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27**

**MISREPRESENTATION CLAIMS:**

**Reliance**

Christopher Cardinal relied on John Lupo's misrepresentation if:

   1. The misrepresentation substantially influenced him to buy Kitchen Experts of California, Inc. from John Lupo; and

   2. He would probably not have bought Kitchen Experts of California, Inc. without the misrepresentation.

   It is not necessary for a misrepresentation to be the only reason for Christopher Cardinal's conduct.

## JURY INSTRUCTION NO. 28

## MISREPRESENTATION CLAIMS:

### Reasonable Reliance

In determining whether Christopher Cardinal's reliance on a misrepresentation was reasonable, he must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for Christopher Cardinal to rely on the misrepresentation. In making this decision, take into consideration Christopher Cardinal's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are within his observation show that it is obviously false.

**JURY INSTRUCTION NO. 29**

**MISREPRESENTATION CLAIMS:**

**Investigation of Representations**

If you find that it was reasonable for Christopher Cardinal to rely on representations made by John Lupo, then Christopher Cardinal had no duty to conduct an independent investigation of those representations. But if Christopher Cardinal actually conducted an investigation that John Lupo did not hinder, then any facts that a reasonably diligent investigation would have disclosed were facts within Christopher Cardinal's observation.

**JURY INSTRUCTION NO. 30**

**MISREPRESENTATION CLAIMS:**

**Representations Outside of the Contract**

Even when a provision of a contract states that all of the terms of the parties' agreement are included in the written contract, a party to the contract may still bring a claim based on misrepresentations that were not included in the written contract, but it is up to you to decide whether the party's reliance on any such misrepresentation was reasonable.

**JURY INSTRUCTION NO. 31**

**MISREPRESENTATION CLAIMS:**

**Damages—"Out of Pocket" Rule**

If you decide that Christopher Cardinal has proved his claim for intentional misrepresentation or negligent misrepresentation against John Lupo, you also must decide how much money will reasonably compensate Christopher Cardinal for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that John Lupo was a substantial factor in causing, even if the particular harm could not have been anticipated.

Christopher Cardinal must prove the amount of his damages. However, Christopher Cardinal does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the fair market value of what Christopher Cardinal gave and subtract from that amount the fair market value of what he received.

"Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller know all the uses and purposes for which the company is reasonably capable of being used.

Christopher Cardinal may also recover amounts that he reasonably spent in reliance on John Lupo's false representation if those amounts would not otherwise have been spent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 32**

**MISREPRESENTATION CLAIMS:**

**Causation—Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**JURY INSTRUCTION NO. 33**

**MISREPRESENTATION CLAIMS:**

**Punitive Damages**

If you decide that Christopher Cardinal proved his claim for intentional misrepresentation, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Christopher Cardinal proves by clear and convincing evidence that John Lupo engaged in that conduct with malice, oppression, or fraud.

"Malice" means that John Lupo acted with intent to cause injury or that John Lupo's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that John Lupo's conduct was despicable and subjected Christopher Cardinal to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that John Lupo intentionally misrepresented or concealed a material fact and did so intending to harm Christopher Cardinal.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was John Lupo's conduct? In deciding how reprehensible John Lupo's conduct was, you may consider, among other factors:

      1.      Whether the conduct caused physical harm;

      2.      Whether John Lupo disregarded the health or safety of others;

      3.      Whether Christopher Cardinal was financially weak or vulnerable and John

35

United States District Court
Northern District of California

Lupo knew Christopher Cardinal was financially weak or vulnerable and took advantage of him;

4.    Whether John Lupo's conduct involved a pattern or practice; and

5.    Whether John Lupo acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Christopher Cardinal's harm that John Lupo knew was likely to occur because of his conduct?

(c) In view of John Lupo's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because John Lupo has substantial financial resources.

Punitive damages may not be used to punish John Lupo for the impact of his alleged misconduct on persons other than Christopher Cardinal.

1    **JURY INSTRUCTION NO. 34**

2    **BREACH OF CONTRACT:**

3    **Introduction to Christopher Cardinal's Claim Against John Lupo**

4

5    John Lupo and Christopher Cardinal entered into a contract called the Stock Purchase

6    Agreement regarding the purchase Kitchen Experts of California, Inc.

7    Christopher Cardinal claims that John Lupo breached this contract by failing to perform

8    Section 4.7 (Non-Solicitation Covenant) of the contract.

9    Christopher Cardinal claims that John Lupo's breach of the contract caused harm to

10   Christopher Cardinal.

11   John Lupo denies the breach alleged by Christopher Cardinal.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 35**

**BREACH OF CONTRACT:**

**Essential Factual Elements of Christopher Cardinal's Claim Against John Lupo**

To recover damages from John Lupo for breach of contract, Christopher Cardinal must prove all of the following:

1. That Christopher Cardinal did all, or substantially all, of the significant things that the contract required him to do;

2. That John Lupo failed to do something that Section 4.7 (Non-Solicitation Covenant) of the contract required him to do;

3. That Christopher Cardinal was harmed; and

4. That John Lupo's breach of contract was a substantial factor in causing Christopher Cardinal's harm.

**JURY INSTRUCTION NO. 36**

**BREACH OF CONTRACT:**

**Introduction to John Lupo's Claim Against Christopher Cardinal**

John Lupo and Christopher Cardinal entered into a contract called the Stock Purchase Agreement regarding the purchase Kitchen Experts of California, Inc.

John Lupo claims that Christopher Cardinal breached this contract by:

1.  Failing to make payments to John Lupo that were required by the contract; and

2.  Failing to remove John Lupo from all personal guarantees associated with Kitchen Experts of California, Inc.

John Lupo also claims that Christopher Cardinal's breach of the contract caused harm to John Lupo.

Christopher Cardinal denies the breaches alleged by Christopher Cardinal.

**JURY INSTRUCTION NO. 37**

**BREACH OF CONTRACT:**

**Essential Factual Elements of John Lupo's Claim Against Christopher Cardinal**

To recover damages from Christopher Cardinal for breach of contract, John Lupo must prove all of the following:

1. That John Lupo did all, or substantially all, of the significant things that the contract required him to do;

2. That Christopher Cardinal failed to do something that the contract required him to do;

3. That John Lupo was harmed; and

4. That Christopher Cardinal's breach of contract was a substantial factor in causing John Lupo's harm.

**JURY INSTRUCTION NO. 38**

**BREACH OF CONTRACT:**

**Interpretation—Meaning of Words**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

**JURY INSTRUCTION NO. 39**

**BREACH OF CONTRACT:**

**Interpretation— Construction of Contract as a Whole**

     In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**JURY INSTRUCTION NO. 40**

**BREACH OF CONTRACT:**

**Interpretation—Construction by Conduct**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

1

2

3

4

**JURY INSTRUCTION NO. 41**

**BREACH OF CONTRACT:**

**Interpretation—Reasonable Expectations of the Parties**

5

6

7

The contract between Christopher Cardinal and John Lupo must be interpreted so that it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 42**

**BREACH OF CONTRACT:**

**Implied Duty to Perform with Reasonable Care**

It is implied in the contract that performance of any action required by the contract will be done competently and with reasonable care. You may treat a party's failure to use reasonable care in performance as a failure to do something required by the contract.

**JURY INSTRUCTION NO. 43**

**BREACH OF CONTRACT:**

**Christopher Cardinal's Affirmative Defense—Waiver by John Lupo**

Christopher Cardinal claims that he did not have to make payments to John Lupo and remove John Lupo from all personal guarantees associated with Kitchen Experts of California, Inc. because John Lupo gave up his rights to have Christopher Cardinal perform these obligations. This is called "waiver."

To succeed on this defense, Christopher Cardinal must prove both of the following by clear and convincing evidence:

1. That John Lupo knew Christopher Cardinal was required to make payments to John Lupo and that he was required to remove John Lupo from all personal guarantees associated with Kitchen Experts of California, Inc.; and

2. That John Lupo freely and knowingly gave up his right to have Christopher Cardinal perform these obligations.

A waiver may be oral or written or may arise from conduct that shows that John Lupo gave up that right.

If Christopher Cardinal proves that John Lupo gave up his rights to Christopher Cardinal's performance, then Christopher Cardinal was not required to perform these obligations.

**JURY INSTRUCTION NO. 44**

**BREACH OF CONTRACT:**

**John Lupo's Affirmative Defense—Waiver by Christopher Cardinal**

John Lupo claims that he did not have to perform the obligation contained in Section 4.7 (Non-Solicitation Covenant) of the contract because Christopher Cardinal gave up his right to have John Lupo perform that obligation. This is called "waiver."

To succeed on this defense, John Lupo must prove both of the following by clear and convincing evidence:

1. That Christopher Cardinal knew John Lupo was required to comply with the non-solicitation covenant; and

2. That Christopher Cardinal freely and knowingly gave up his right to have John Lupo perform that obligation.

A waiver may be oral or written or may arise from conduct that shows that Christopher Cardinal gave up that right.

If John Lupo proves that Christopher Cardinal gave up his right to John Lupo's performance, then John Lupo was not required to perform that obligation.

**JURY INSTRUCTION NO. 45**

**BREACH OF CONTRACT:**

**Introduction to Contract Damages**

If you decide that a party has proved his or its claim for breach of contract, you also must decide how much money will reasonably compensate that party for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put the party in as good a position as he or it would have been if the other party had performed as promised.

To recover damages for any harm, a party must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

A party that has proved its claim also must prove the amount of his or its damages according to the following instructions. The party does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Christopher Cardinal claims damages for John Lupo failing to perform the covenant contained in Section 4.7 (Non-Solicitation Covenant) of the Stock Purchase Agreement.

John Lupo claims damages for:

1. Christopher Cardinal's failure to make payments to John Lupo under the Stock Purchase Agreement; and

2. Christopher Cardinal's failure to remove John Lupo from all personal guarantees associated with Kitchen Experts of California, Inc.

**JURY INSTRUCTION NO. 46**

**BREACH OF CONTRACT:**

**Damages—Mitigation**

If John Lupo breached the contract and the breach caused harm, Christopher Cardinal is not entitled to recover damages for harm that John Lupo proves Christopher Cardinal could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Christopher Cardinal's efforts in light of the circumstances facing him at the time, including his ability to make the efforts or expenditures without undue risk or hardship.

If Christopher Cardinal made reasonable efforts to avoid harm, then your award(s) should include reasonable amounts that he spent for this purpose.

**JURY INSTRUCTION NO. 47**

**COMPUTER FRAUD AND ABUSE ACT:**

**18 U.S.C. § 1030(a)(2)(C)**

To prevail on his Computer Fraud and Abuse Act claim against John Lupo alleging a violation of 18 U.S.C. § 1030(a)(2)(C), Christopher Cardinal must prove the following by a preponderance of the evidence:

1. John Lupo intentionally accessed a computer without authorization or exceeded authorized access; and

2. That as a result of such conduct, John Lupo obtained information from a computer;

3. As a result of the foregoing conduct, Christopher Cardinal suffered a "loss" aggregating at least $5,000 in value.

**JURY INSTRUCTION NO. 48**

**COMPUTER FRAUD AND ABUSE ACT:**

**Definition of "Loss"**

For purposes of the Computer Fraud and Abuse Act, the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

The cost of investigating, analyzing and responding to an unauthorized access and securing a computer network constitutes a "loss" under this definition.

The value of lost employee time in connection with these activities is included in the definition of loss.

**JURY INSTRUCTION NO. 49**

**COMPUTER FRAUD AND ABUSE ACT:**

**Remedy**

If Christopher Cardinal succeeds on his claim under the Computer Fraud and Abuse Act, he may recover compensatory damages for his loss or damage.

Compensatory damages are damages that will reasonably compensate the injured party for the injury sustained.

**JURY INSTRUCTION NO. 50**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.